**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TEAMSTERS, CHAUFFEURS, HELPERS AND TAXICAB DRIVERS, LOCAL UNION 327, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Respondent.**

**No. 19947.**

United States Court of Appeals, Sixth Circuit.

Oct. 15, 1970.

Herman M. Levy, N. L. R. B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, James P. Hendricks, Atty., N. L. R. B., Washington, D. C., on brief.

Hugh Howser, Nashville, Tenn., for respondent; Howser, Thomas, Summers & Binkley, Nashville, Tenn., on brief.

Before PECK and BROOKS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order issued against the respondent on September 16, 1969, and reported at 178 N.L.R.B. No. 65. The Board found that the respondent violated the Act (29 U.S.C. § 151 et seq.) by its misconduct on the picket line at several of the Company's premises located in Nashville and Fairview, Tennessee.

The Board specifically found that the respondent violated Section 8(b) (1) (A) by mass picketing; by blocking and spreading nails at the plant entrances; by damaging Company and employee property; and by injuring and threatening employees and supervisors in order to prevent them from entering the plants. The Board modified the cease and desist order of the Trial Examiner when it found that a broad order was warranted since it took official notice of the respondent's proclivity to engage in similar unlawful conduct.[1] The Board's order provides:

"Upon the basis of the foregoing findings of facts and conclusions of law, and upon the entire record in the case, it is recommended that * * * [respondent] shall:

"1. Cease and desist from restraining or coercing employees of Whale, Inc., Richey Electronics, Inc., Wagoner Corporation, *or any other employer* in the exercise of the rights guaranteed them in Section 7 of the Act * * *" (Emphasis supplied.)

Respondent's sole contention on appeal goes to the breadth of the Board's order. Respondent states that it "will not object to a cease and desist order applied to the employees of Whale, and its subsidiary corporations." Respondent seeks to have the italicized portion of the order deleted and relies on this Court's modification of a similar order in N.L.R.B. v. Teamsters, Chauffeurs, Helpers and Taxicab Drivers, Local Union 327 (Hartmann Luggage), 419 F.2d 1282 (6th Cir. 1970).[2]

The Board in *Hartmann Luggage* found that the Union's strike was accompanied by many acts of picket line violence and issued a broad cease and desist order that applied not only to the Hartmann Luggage Company but to any employer within the whole jurisdiction of the Local Union 327. On appeal, the Union attacked only that portion of the Board's order that extended beyond applicability to Hartmann Luggage Company. The relevant portions of the Board's order in that case provided that the Union should:

"1. Cease and desist from:

"(a) Restraining or coercing the employees of the Hartmann Luggage Company *or the employees of any other employer within its jurisdictional territory* * * *." (Emphasis supplied.)

The Court in *Hartmann Luggage* modified the Board's order by deleting the italicized portion when it found that:

"[T]he order is both too broad and too vague in relation to persons expected to obey it (presumably on pain of contempt proceedings). [Further,]

---

1. See Teamsters, Chauffeurs, Helpers and Taxicab Drivers, Local Union No. 327, (Greer Stop Nut Company), 160 N.L.R.B. 1919 (1966); Teamsters, Chauffeurs, Helpers and Taxicab Drivers, Local Union No. 327, (Hartman Luggage Company), 173 N.L.R.B. 220 (1969), modified, N.L.R.B. v. Teamsters, Chauffeurs, Helpers and Taxicab Drivers, Local Union No. 327, 419 F.2d 1282 (6th Cir. 1970).

2. The Board's petition for rehearing and for rehearing en banc was denied by order dated March 9, 1970. The United States Supreme Court has extended the Board's time for filing its petition for certiorari in the *Hartmann Luggage* case to August 22, 1970.

the order does not define the jurisdiction of Local 327 and thus it provides no means of defining the people for whom protection is sought. In * * these respects we believe the italicized [portion] of the order violate[s] the provisions of rule 65(d) of the Federal Rules of Civil Procedure." 419 F.2d at 1283.

We note that generally broad orders that are extended to cover companies beyond those in the complaint and that are issued by the Board based on its determination that the union has a proclivity to violate the Act by unlawful conduct may be justified, but as stated in *Hartmann Luggage*, "such an order would have to be consonant with the specificity referred to above as to * * *, geographic area and persons to be affected." 419 F.2d at 1284. The Board's order is not specific in these respects. We therefore modify the Board's order by deleting the phrase "or any other employer" and since the respondent stated that it would not object to the order applied to Whale, Inc. and its subsidiary corporations, we enforce the order as modified.

The case is remanded to the Board for further proceedings consistent with this opinion.